| | |
|---|---|
| 50 MORGAN HOSPITALITY GROUP, LLC, <br><br> Plaintiff, <br><br> v. <br><br> EXCEL HOTEL SERVICES, INC., D/B/A EXCEL & ASSOCIATES, <br><br> Defendant. | No. 3:17-cv-332 (MPS) |

## MEMORANDUM AND ORDER

Plaintiff 50 Morgan Hospitality Group, LLC ("50 Morgan") brought this lawsuit against Defendant Excel Hotel Services, Inc., d/b/a Excel & Associates ("Excel"), alleging that Excel failed to progress, complete, and otherwise fulfill its obligations as a general contractor for a construction project known as Radisson Hartford ("the Project"), consisting of converting the upper floors of a hotel into multi-family apartments and upgrading areas of the building for continuing use as a hotel. Excel thereafter filed a Third-Party Complaint and Cross-Claim impleading Third-Party Defendants Electrical Contractors, Inc. ("ECI"), Crest Mechanical Services, Inc. ("Crest"), TPC Associates, Inc. ("TPC"), Crosskey Architects, LLC ("Crosskey Architects"), William W. Crosskey II ("Crosskey"), and Kaurette Construction, Inc. ("Kaurette")[1] (collectively, "Third-Party Defendants"). (ECF No. 17.) Excel also filed an Apportionment Complaint against the Third-Party Defendants. (ECF No. 18.)

50 Morgan moves for leave to file an amended complaint. (ECF No. 73.) Crest and TPC each moves to dismiss the Apportionment Complaint. (ECF Nos. 59 and 61.)

---

[1] All Third-Party Defendants have entered appearances and responded to the Third-Party Complaint except Kaurette. The Court entered default against Kaurette under Fed. R. Civ. P. 55(a) on July 19, 2017. (ECF No. 38.) Under the Court's September 12, 2017 order, Excel shall have until 21 days from the entry of final judgment or disposition of this action by settlement to file a motion for default judgment against Kaurette. (ECF No. 71.)

## I.        Procedural Background

50 Morgan filed a lawsuit in Connecticut Superior Court on January 27, 2017, asserting claims against Excel for breach of contract, intentional misrepresentation, negligent misrepresentation, and violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), Connecticut General Statutes ("Conn. Gen. Stat.") § 42-110a *et seq*. (ECF No. 1-1.) Excel removed the action to federal court on the basis of diversity jurisdiction on February 23, 2017. (ECF No. 1.) On May 26, 2017, Excel responded to the Complaint by filing an Answer, Affirmative Defenses, and Counterclaims against 50 Morgan. (ECF No. 16.) Excel asserted counterclaims for breach of contract, breach of the covenant of good faith and fair dealing, unjust enrichment, fraudulent misrepresentation, negligent misrepresentation, violation of the CUTPA, and foreclosure of a mechanic's lien in connection with the Project. (ECF No. 16.)

On June 1, 2017, Excel filed the Third-Party Complaint, asserting claims for breach of contract and indemnification against ECI, Kaurette, Crest, and TPC, and claims for intentional misrepresentation, negligent misrepresentation, violation of the CUTPA, and tortious interference with contractual relations against Crosskey Architects and Crosskey. (ECF No. 17.) Also on June 1, 2017, Excel filed the Apportionment Complaint under Conn. Gen. Stat. §§ 52-102b[2] and 52-572h.[3] (ECF No. 18.) Excel alleges that to the extent 50 Morgan was damaged as alleged in the Complaint, the damages were caused by the negligence of each of the Third-Party Defendants, and

---

[2] Section 52-102b(a) provides, in relevant part, that "[a] defendant in any civil action to which section 52-572h applies may serve a writ, summons and complaint upon a person not a party to the action who is or may be liable pursuant to said section for a proportionate share of the plaintiff's damages in which case the demand for relief shall seek an apportionment of liability."

[3] Section 52-572h(c) provides, in relevant part, that "[i]n a negligence action to recover damages resulting from personal injury, wrongful death or damage to property . . . if the damages are determined to be proximately caused by the negligence of more than one party, each party against whom recovery is allowed shall be liable to the claimant only for such party's proportionate share of the recoverable economic damages and the recoverable noneconomic damages . . . ."

that in the event 50 Morgan recovers damages against Excel, each of the Third-Party Defendants would be liable for a proportionate share of such damages. (ECF No. 18.)

Crest and TPC filed substantially similar motions to dismiss the Apportionment Complaint under Fed. R. Civ. P. 12(b)(6).[4] (ECF Nos. 59 and 61.) Crest and TPC each argue that apportionment of liability is not available under Conn. Gen. Stat. §§ 52-102b and 52-572h because 50 Morgan's underlying Complaint against Excel does not include a negligence claim, and because 50 Morgan alleged economic losses only, and did not allege personal injury, wrongful death, or property damage.

On September 1, 2017, the Court granted the parties' joint motion to modify the scheduling order governing this case. (ECF No. 68.) The Court adopted all of the modifications set forth in the parties' joint motion, including that 50 Morgan would be permitted to file an amended complaint by September 15, 2017, and that fact discovery would be completed by August 31, 2018. (ECF No. 65 at 3, ECF No. 68.) The parties have since been engaged in discovery.

50 Morgan filed a motion for leave to amend the complaint on September 15, 2017. (ECF No. 73.) 50 Morgan's proposed amended complaint adds a negligence claim, adds factual allegations in support of its breach of contract, intentional misrepresentation, negligent misrepresentation, CUTPA, and breach of the covenant of good faith and fair dealing claims, and amends 50 Morgan's request for relief. (ECF No. 73-4.) No party opposed the motion to amend.

**II.     Discussion**

**A.  Motion to Amend**

---

[4] Crest moved to dismiss Count Four of the Apportionment Complaint, which includes allegations against Crest. (ECF No. 59.) TPC moved to dismiss Count Five of the Apportionment Complaint, which includes allegations against TPC. (ECF No. 61.)

Before trial, "a party may amend its pleading only with the opposing party's written consent or the court's leave," which the Court should "freely give . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). Despite the liberal standard for amending or supplementing pleadings, "[a] district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

As the proposed amendments identify and clarify the nature of Plaintiff's alleged damages, no party opposes the amendments, and the case is in the early stages of discovery, I find that the proposed amendments are neither futile nor made in bad faith, and would not unduly delay litigation or prejudice the parties. I GRANT the motion for leave to amend, as "justice so requires." Fed. R. Civ. P. 15(a)(2).

### B. Motions to Dismiss

Having granted 50 Morgan's motion to file an amended complaint, I find that the amendments moot Crest and TPC's motions to dismiss the Apportionment Complaint. Crest and TPC first argue that Excel could not seek apportionment of liability because 50 Morgan did not assert a negligence claim. As 50 Morgan's amended complaint adds a negligence claim against Excel, this argument is moot. Crest and TPC next argue that apportionment is not available because 50 Morgan alleged economic losses only, and did not include allegations of personal injury, wrongful death, or property damage against Excel. As 50 Morgan's amended complaint includes allegations of property damage caused by Excel's alleged negligence, this argument is moot as well. (*See, e.g.*, ECF No. 73-4 ¶ 30.) I therefore DENY Crest and TPC's motions to dismiss the Apportionment Complaint as moot.

### III.   Conclusion

For the reasons discussed above, 50 Morgan's motion to amend (ECF No. 73) is GRANTED. Crest's motion to dismiss (ECF No. 59) is DENIED as moot. TPC's motion to dismiss (ECF No. 61) is DENIED as moot.

Excel shall respond to the Amended Complaint (ECF No. 73-3) by **January 10, 2018**, including by filing any proposed Amended Third-Party Complaint or Amended Apportionment Complaint. The Third-Party Defendants shall respond to any filed Amended Third-Party Complaint or Amended Apportionment Complaint by **January 31, 2018**.

IT IS SO ORDERED.

_____/s/_____
Michael P. Shea, U.S.D.J.

Dated:        Hartford, Connecticut
              December 20, 2017